Proskauer>>    Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

January 18, 2013

William C. Komaroff
Member of the Firm
d 212.969.3975
f 212.969.2900
wkomaroff@proskauer.com
www.proskauer.com

**By Hand Delivery**

Honorable Deborah A. Batts
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007

Re: _United States v. William Goodman_, No. 11-cr-741 (DAB)

Dear Judge Batts:

We respectfully submit this letter on behalf of William Goodman, Jr. and urge the Court to show leniency toward Mr. Goodman.

## I.      INTRODUCTION

William Goodman pleaded guilty on July 11, 2012, to a two-count Indictment charging him with the unlicensed sale of firearms and a related conspiracy count.[1] His plea was not made pursuant to any agreement with the government.

Mr. Goodman was arrested on September 1, 2011. After being detained for approximately 2½ months, on November 14, 2011, he was released on bail and has been on bail since that time. The PSR calculates an offense level of 17, and places Mr. Goodman in Criminal History Category III, resulting in an advisory guidelines sentencing range of 30-37 months. The Probation Department recommends a bottom of the guidelines range sentence of 30 months.

For the reasons set forth below, we respectfully submit that the Court should:  (1) place Mr. Goodman in Criminal History Category II, which would result in a corresponding guidelines

---

[1] Please note that the Presentence Report incorrectly states Mr. Goodman pleaded guilty on April 9, 2012. _See_ Presentence Investigation Report ¶ 4 (Jan. 3, 2013). Mr. Goodman's co-defendant, Anthony White, pleaded guilty on April 9, 2012. Mr. White has not been sentenced.

Proskauer≫

January 18, 2013
Page 2

range of 27-33 months; and (2) in any event, impose a sentence substantially below the

recommend guidelines range.

　　　　Mr. Goodman recognizes that the instant offense is a serious one and in no way seeks to

minimize his conduct or the potential danger it posed to others.  He has accepted full

responsibility for his actions.  Many defendants come to sentencing expressing their intent to get

their life back on track and change their behavior.  Mr. Goodman, we submit, has done

something substantially more compelling.  He has demonstrated with actual deeds his desire to

achieve something better for himself in life and taken concrete steps to turn his life around.

Since being released on bail, he has made progress toward a junior college degree, become more

involved in his local community, remained an active and committed father in his children's lives,

taken steps to restart his small business, and anchored himself to his supportive parents who are

committed to help him remain on the right path in life.  At sentencing, Your Honor will also have

the opportunity to hear directly from Mr. Goodman.

　　　　For the reasons more fully discussed below, we respectfully submit that a sentence

substantially below the advisory guidelines range coupled with a significant period of supervised

release would constitute a sentence that would appropriately punish Mr. Goodman and ensure

that he is not engaging in future criminal conduct, while at the same time allow him to continue,

with the least interruption possible, the positive momentum of change that he has demonstrated

during the more than 14 months he has been on bail.

Proskauer≫

January 18, 2013
Page 3

## II.   OFFENSE LEVEL AND CRIMINAL HISTORY CALCULATION

Mr. Goodman does not contest the offense level calculation contained in the PSR. We submit, however, that Mr. Goodman should be categorized as Criminal History Category II, not Category III as reflected in the final PSR.

All of Mr. Goodman's criminal history points derive from driving and alcohol-related offenses: (i) driving while under the influence of alcohol, on two occasions; and (ii) leaving the scene of an accident with damage to property related to the second DUI. Since his second DUI in March 2009, Mr. Goodman has not been involved in any alcohol-related accidents. PSR ¶¶ 44, 46, 49. As calculated by the PSR, these three offenses result in a combined four criminal history points and place Mr. Goodman in Criminal History Category III. We respectfully submit that a Criminal History Category II classification is appropriate under the unusual manner in which two of these offenses were charged.

Two of Mr. Goodman's criminal history points are attributable to leaving the scene of an accident on March 14, 2009, when he damaged residential property with his automobile. PSR ¶ 49. Mr. Goodman was also charged with a DUI on that same date and in connection with precisely the same incident. PSR ¶ 46. For reasons apparently particular to Virginia law and procedure these two offenses were charged and disposed of separately. There is no dispute that the charges were filed in connection with the same incident.

According to the PSR, the two sentences are counted separately under U.S.S.G. § 4A1.2(a)(2), which provides in relevant part:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest. . . . If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses

Proskauer»

January 18, 2013
Page 4

> <u>contained in the same charging instrument; or (B) the sentences</u>
> <u>were imposed on the same day</u>.  Count any prior sentence covered
> by (A) or (B) as a single sentence.

There is no intervening arrest between the charges described in PSR ¶ 46 and PSR ¶ 49, so the first quoted sentence of § 4A1.2(a)(2) is not implicated.  With respect to the second quoted sentence in the provision, we submit that the circumstances of the offenses described in ¶ 46 and ¶ 49 are not among those that the Sentencing Commission intended to have counted separately by this language.  Although the offenses were charged in separate documents and sentences imposed on different days, it is difficult to discern from the record why this was so.

The charging documents for these two offenses reflect that they were "issued" 8 minutes apart from each other.  *Compare* Ex. A (PSR ¶ 46 offense) *with* Ex. B (PSR ¶ 49 offense).  Whatever vagaries of Virginia law explain this rather bizarre result, there can be no dispute that both charges resulted from the same incident.  More importantly, there is no logical reason why a procedural oddity should effectively turn a 2-point offense into a 3-point offense.  We respectfully submit that the underlined portion of § 4A1.2(a)(2) quoted above is intended to act as a shield against *over-counting* past criminal history where a string of related criminal conduct is consolidated into a single proceeding.  Here, the provision, if applied literally, would have the exact opposite effect, namely as a sword, turning a single criminal incident into separate ones for criminal history purposes.  Such a result would be inconsistent with the manner in which the guidelines seek to count as separate only crimes that truly reflect independent and separate criminal conduct.

If the offenses in PSR ¶ 46 and PSR ¶ 49 are not counted separately, then Mr. Goodman has 3 criminal history points and is in Criminal History Category II.  This would result in an

Proskauer≫

January 18, 2013
Page 5

advisory guidelines sentencing range of 27-33 months. We respectfully submit that Criminal
History Category II is a more accurate reflection of Mr. Goodman's prior criminal history.

## III.   PERONAL CHARACTERISITICS AND OTHER FACTORS BEARING ON SENTENCING

### A.   Personal History

Mr. Goodman was born on June 22, 1987, in Suffolk, Virginia. He was the first child
between his mother, Annette Goodman, and his father, William Goodman, Sr. Mr. Goodman has
two younger brothers—Aaron Goodman, who attends trade school and works as a crane operator
at a naval yard, and Justin Goodman, a college student at Norfolk State University. The
members of the Goodman family maintain a warm and loving relationship, and have lived
together in their family home in Suffolk, Virginia for Mr. Goodman's entire life. Mr. Goodman
also shares an extremely close and supportive relationship with his paternal grandfather, also
named William Goodman, and his maternal grandfather, Ollie White, who passed away in July
2012.

Annette and William Goodman, Sr. raised their children in a stable, hardworking blue-
collar household. Owners of their own trucking and septic tank small businesses, they
encouraged and taught Mr. Goodman how to start and manage his own business as he helped
them with their own while growing up. Mr. Goodman's grandfathers have always been an
additional source of support, speaking with Mr. Goodman daily and encouraging all of his
athletic and academic endeavors.

The Goodmans also instilled in their sons deep religious beliefs. Mr. Goodman has been
a member of his family's church, St. Paul the Baptist, his entire life. As a child, he was a
member of the church choir and an usher. He has attended the church nearly every Sunday for

Proskauer»

January 18, 2013
Page 6

his entire life and, before his arrest, attended church Bible study classes every Wednesday. *See* PSR ¶ 81.

Mr. Goodman is the father of three children: ████ (age ██), William (age █), and ████ (age █). Mr. Goodman shares joint custody over ████ and ████ with their mother, Brittany Manly, and the two children live with and are cared for by Mr. Goodman and his family a significant amount of time. *See* PSR ¶ 72. Mr. Goodman is engaged in all aspects of parenting; he helps his children get ready for school (████ is in 1st grade and ████ is in pre-school), with baths and getting ready for bed. *See* PSR ¶¶ 73, 75. Mr. Goodman is proud that ████ is an honor roll student. He reads them stories every night and makes sure every Friday night is free for family movie night. On Sundays, Mr. Goodman takes his children to their family's church, where his daughter ████, following in his footsteps, has joined the church choir and become an usher.

Mr. Goodman's youngest child, ████, is still a baby and lives with his mother, Brittany Young. Mr. Goodman visits ████ regularly and helps provide for ████ with the assistance of his own parents. He is in compliance with his child support obligations. *See* PSR ¶ 75.

After Mr. Goodman graduated from high school in 2006, he briefly worked as an installation technician for Hercules Fence Co. before successfully completing training with the United States Department of Labor's Occupational Safety & Health Administration. He then worked for the Department of Public Utilities in the City of Suffolk, Virginia, from 2007 to 2009. *See* PSR ¶ 92. After his employment with the City of Suffolk ended, he followed in his parents' footsteps and started his own small towing business—Goodman's Disposal. He obtained his business license, invested in a tow truck and, from approximately January 2010 to

Proskauer ≫

January 18, 2013
Page 7

his arrest in September 2011, ran a moderately successful towing business. *See* PSR ¶ 91. From January 2011 to his arrest, Mr. Goodman simultaneously worked for SLP Services, an appliance installation service affiliated with Sears.

     B.    <u>Circumstances of the Offense</u>

As reported by Mr. Goodman's father, at the time of the instant offense, Mr. Goodman was associating with the wrong people, and had a history of smoking marijuana and drinking alcohol to excess. *See* PSR ¶ 83. While that, of course, does not excuse his conduct, it does paint a different picture of the life Mr. Goodman was living then as compared to the one he has demonstrated a commitment to living since his arrest in this case.

Moreover, as both the Probation Department and the U.S. Attorney's Office have acknowledged, Mr. Goodman's role in the firearm trafficking conspiracy was to transport the firearms and collect the money, not to organize and engineer the transactions. Rather, it was Mr. Goodman's fifty-two-year-old cousin, Anthony White, who "orchestrated the transactions – decided the price of the guns and location of the transactions. . . . negotiated the gun deals," and knew the middleman. PSR ¶ 25; *see also* Government's Sentencing Memorandum as to Anthony D. White (docket no. 52), pp. 2-4. Although Mr. Goodman's role in the conspiracy was necessary, he did not "orchestrate" the transactions, a role the government has repeatedly given to Mr. White for all three firearms transactions. *See* Government's Sentencing Memorandum as to Anthony D. White at pp. 2-4.

Proskauer≫

January 18, 2013
Page 8

C.    Characteristics of the Defendant and Framework for Just Punishment

Since he was released on bail more than 14 months ago, Mr. Goodman has not only made

substantial efforts, but also achieved real and tangible progress in demonstrating that he has the

will and desire to live a law-abiding life.

He completed one semester of community college, studying business management in the

fall of 2012 at Paul D. Camp Community College.  *See* Ex. C.  Mr. Goodman is now attending

Paul D. Camp Community College as a full-time student, with five classes for the spring 2013

semester, and anticipates being able to apply for a transfer to a state university after his third

semester.  *See* Ex. D.  Paul D. Camp Community College has referral relationships with Norfolk

State University, Old Dominion University, and St. Paul College that will give Mr. Goodman a

competitive edge in the transfer process.

Mr. Goodman has also become more involved in local civics, volunteering for President

Obama's 2012 presidential campaign.  He was charged with campaigning door-to-door in his

community on behalf of President Obama, and also volunteered to work the polls in his

neighborhood on Election Day.  He has made significant strides in improving himself despite

having to overcome the challenge of rehabilitating torn ligaments and a broken kneecap in his

left knee after he was injured in a non-alcohol-related car accident in March 2012.[2]

Mr. Goodman also completed a 16-week substance abuse treatment course on January 3,

2013, *see* Ex. F, and has begun the process of attempting to re-start his small business,

---

[2] Mr. Goodman was also involved in a non-alcohol-related car accident on September 4, 2012.
The Presentence Report incorrectly states Mr. Goodman was arrested for this accident, *see* PSR
¶¶ 52-53, but Mr. Goodman has obtained documentation subsequent to the issuance of the final
PSR showing he was not arrested, but issued a traffic citation.  *See* Ex. E.

Proskauer≫

January 18, 2013
Page 9

Goodman's Disposal, to return to a vocation in which he knows he can be successful. A copy of his current business plan is attached as Exhibit G.

Mr. Goodman is thankful for the opportunity that bail has given him, and he has, in the main, used that opportunity productively. He has also made and acknowledged a few mistakes.

Pretrial Services has characterized Mr. Goodman's adjustment to community based supervision as "less than satisfactory." PSR at pg. 23. They point to the two positive marijuana tests, some curfew violations and a car accident.[3] With regard to the marijuana use, when his maternal grandfather died in July 2012, Mr. Goodman, while grieving, smoked marijuana. After nearly a year of providing clean urine tests to pretrial services, he had consecutive positive urine tests in early August 2012. Since then, he has not provided pretrial services with another positive drug test, and successfully completed a weekly substance abuse class on January 3, 2013. We submit that given Mr. Goodman's history with marijuana, he has actually demonstrated a true commitment to staying clean over the last 14 months and the dozens of clean drug tests before and after August 2012 attest to that fact. With respect to the other matters noted by Pretrial Services, we do not believe that they rise to the level of supporting a conclusion that he has not adjusted satisfactorily to community-based supervision.

Needless to say, Mr. Goodman's family, especially his parents, has been very disappointed to see him make the decisions that led to his participation in this offense. Nonetheless, Mr. Goodman's parents and the rest of his family have and will continue to support

---

[3] The PSR states that he left the scene of this motor vehicle accident while on bail. *See* PSR at pg. 23. We do believe that is a correct statement, and nothing in the description of the September 4, 2012 incident supports it. *See* PSR ¶ 52-53 (Mr. Goodman was cited with failure to maintain proper control of a vehicle); *see also* Ex. E.

# Proskauer》

January 18, 2013
Page 10

his efforts, and the past 14 months demonstrate they are *bona fide* and serious efforts, to make something of himself. In a letter to the Court, his brothers describe how Mr. Goodman, their older brother, explained to them how terrible it is to be incarcerated, and note how they have witnessed a positive change in his behavior since his release on bail. Mr. Goodman's father, in his own letter to the Court, reinforces the positive environment in which Mr. Goodman resides, and affirms that his support for Mr. Goodman continues, despite disappointment in the foolish decisions he has made in the past. Mr. Goodman's mother expresses her pride in the father Mr. Goodman has become, and is encouraged by the steps he has taken to redirect his life down the correct path. These letters are attached as Exs. H-J to this submission.

## IV.    SENTENCING REQUEST

We respectfully submit that justice is best served here by a sentence substantially below the advisory guidelines range with a significant period of supervised release that will ensure Mr. Goodman remains on the positive path he has demonstrated an ability to follow. Mr. Goodman spent two and a half months incarcerated, from the time of his arrest on September 1, 2011, to his release on bail on November 14, 2011. This time in federal custody was a serious wake-up call for him. Mr. Goodman was forced to confront how far off track his life had gone, and how his foolish decisions have risked not only his own future, but could severely impact those of his children, his family, and strangers who might be the victims of gun violence. He is ashamed of his conduct and disappointed in himself for setting such a poor example for his young children and younger brothers.

Mr. Goodman is committed to living a productive, law-abiding life, and has taken many significant steps to that end. At this time, a lengthy period of incarceration would seriously

Proskauer≫

January 18, 2013
Page 11

derail his efforts. In addition, a lengthy prison sentence would prevent him from continuing to

care for, support, and nurture the relationship with his children.

In furtherance of his ongoing efforts to live a better life, Mr. Goodman does not stand

alone. He has the continuing support of his family. Mr. Goodman's parents, above all, continue

their steadfast support of his efforts to be a good father and a productive citizen. They have

attended every court proceeding in this action and worked closely with his attorneys to achieve

his release on bail, including by posting their family home as collateral for the bail bond.

As set forth in 18 U.S.C. § 3553(a)(2):

> The court shall impose a sentence sufficient, but not greater than
> necessary, to comply with the [following] purposes[:] . . . to reflect
> the seriousness of the offense, to promote respect for the law, and
> to provide just punishment for the offense; . . . to afford adequate
> deterrence to criminal conduct; . . . to protect the public from
> further crimes of the defendant; and . . . to provide the defendant
> with the needed education or vocational training, medical care, or
> other correctional treatment in the most effective manner. . . .

Here, for all the reasons previously discussed, we respectfully submit that a sentence

substantially below the advisory guidelines range together with a significant period of supervised

release meet the sentencing goals of punishment, deterrence, and rehabilitation.

Respectfully submitted,

William C. Komaroff
Phillip J. Caraballo-Garrison

Attachments

cc: Kristy Greenberg, Assistant U.S. Attorney (via email)
    Dawn Doino, Senior U.S. Probation Officer (via email)

# EXHIBIT A

# WARRANT OF ARREST—MISDEMEANOR (STATE)

COMMONWEALTH OF VIRGINIA        Va. Code § 19.2-71, -72

Suffolk
_CITY OR COUNTY_

[X] General District Court   [X] Criminal   [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

## TO ANY AUTHORIZED OFFICER:

You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the charge that the Accused, within this city or county, on or about 03/14/2009 _____ did unlawfully in violation of Section
_DATE_

18.2-266/18.2-270 _____, Code of Virginia:
drive or operate a motor vehicle while having a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath; or while under the influence of alcohol; or while under the influence of a narcotic drug or other self-administered intoxicant or drug, or a combination of drugs, to a degree which impaired the accused's ability to drive or operate a motor vehicle safely; or while under the combined influence of alcohol and a drug or drugs to a degree which impaired the accused's ability to drive or operate a motor vehicle safely. The accused committed this offense within less than five years after having committed one prior violation of §18.2-266 or an offense set forth in subsection E of §18.2-270.

I, the undersigned, have found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of

**Ofc   Rau, N. J.    Suffolk PD** _____, Complainant.

Execution by summons [ ] permitted at officer's discretion. [X] not permitted.

03/14/2009 04:57 AM
_DATE AND TIME ISSUED_

M. J. Noel

[ ] CLERK  [X] MAGISTRATE  [ ] JUDGE

---

CASE NO. 809003636

ACCUSED.                                      **CRIM.ALSO**

Goodman, William Eugene; Jr.
_LAST NAME, FIRST NAME, MIDDLE NAME_

900 Barbara Court
_ADDRESS/LOCATION_

Suffolk, VA 23434

To be completed upon service as Summons

Mailing address [ ] Same as above
[ ] _____

| RACE | SEX | BORN | HT. | WGT. | EYES | HAIR |
|------|-----|------|-----|------|------|------|
| B | M | MO. DAY YR. 06/22/1987 | FT. IN. 5' 09" | 200 | BRO | BLK |

SSN _____

DL# _____           STATE ____

## CLASS   U  MISDEMEANOR

[ ] EXECUTED by arresting the Accused named above on this day:
[ ] EXECUTED by summoning the Accused named above on this day:
[ ] For legal entities other than individuals, service pursuant to Va. Code § 19.2-76.

3/14/09    0561
_DATE AND TIME OF SERVICE_

N. Rau _____, ARRESTING OFFICER

369   Suffolk PD 134
_BADGE NO., AGENCY AND JURISDICTION_

for _____
_SHERIFF_

Attorney for the Accused:
Kenneth R. Melvin

Short Offense Description (not a legal definition):
**DWI: 2ND OFF W/IN 5Y**

Offense Tracking Number:
**800GM1550900322**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:

**DWI-5448-S9**

---

Hearing Date/Time

3-25-09

4-1-09

5-4-09

10:00 AM

**STATE**

**CRIMINAL COMPLAINT**

Commonwealth of Virginia

RULES 3A:3 AND 7C:3

Print ALL information clearly:

CITY OR COUNTY

General District Court
Juvenile and Domestic Relations District Court

Under penalty of perjury, I, the undersigned Complaint swear or affirm that I have reason to Believe that the Accused committed a criminal offense, on or about

__March 14, 2009__        in the City ☒ County ☐ Town ☐
DATE OFFESE OCCURRED        of   SUFFOLK

**I base my belief on the following facts:**

On March 14, 2009 I was assisting Officer York on an accident hit and run. Upon the further investigation I was able to locate the vehicle of the hit had run at 909 Barbara Drive in the City of Suffolk. I found the driver of that vehicle to be William E. Goodman Jr. Mr. Goodman advised that he was involved in an accident and that he had been drinking. Mr. Goodman stated that he had not had anything to eat or drink since the accident and that the accident occurred about 20 minutes before police arrived at his house which was around 0220 hours. Mr. Goodman had a strong odor of alcoholic beverage about his person. Mr. Goodman performed SFST and was unable to pass any of them. Mr. Goodman was also given the PBT and refused the breath/blood test.

The statements above are true and accurate to the best of my knowledge and belief. In making this complaint, I have read and fully understand the following:

- By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
- The charge in this warrant cannot be dismissed except by the court, even at my request.

__Officer N. J Rau #369__
Name of Complainant (Last, First, Middle)
(Print Clearly)

_signature_
Signature of Complainant

Subscribed and sworn to before me this day.

3|14|09   450 AM
Date and Time

DC-311 10/97 PC (114:3-010 6/03)

☐ Clerk  ☒ Magistrate  ☐ Judge

---

**CRIMINAL COMPLAINT**

ACCUSED: Name, Description, Address/Location
Last Name, First Name, Middle Name
Goodman Jr, William, Eugene
909 Barbara Drive
Suffolk, VA 23434

COMPLETE DATA BELOW IF KNOWN

| Race | Sex | Mo | Day | Yr | Ft | In | Wgt | Eyes | Hair |
|------|-----|----|-----|----|----|----|-----|------|------|
| B | M | 06 | 22 | 87 | 5 | 10 | 190 | Bro | Bro |

SSN ▓▓▓▓▓▓▓▓

18.2-266 DUI (2nd)
18.2-268.3 Refusal (2nd)

# EXHIBIT B

# WARRANT OF ARREST—FELONY

COMMONWEALTH OF VIRGINIA    Va. Code § 19.2-71, -72

Suffolk
CITY OR COUNTY

[X] General District Court  [X] Criminal  [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

**TO ANY AUTHORIZED OFFICER:**

You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the charge that the Accused, within this city or county, on or about 03/14/2009 did unlawfully and feloniously in violation of Section
DATE

46.2-894 , Code of Virginia:

while having been the driver of a vehicle involved in an accident in which an attended vehicle or other attended property was damaged, fail to immediately stop as close to the scene of the accident as possible without obstructing traffic and fail to report the accused's name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, or to the custodian of other damaged property. The accident resulted in property damage valued at more than $1,000.00.

I, the undersigned, have found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of

**Ptl York, S.    Suffolk PD** , Complainant.

03/14/2009 04:49 AM
DATE AND TIME ISSUED

M. J. Noel

[ ] CLERK  [X] MAGISTRATE  [ ] JUDGE

CCRE is Required
FORM DC-312 (MASTER, PAGE ONE OF TWO) 12/08

---

CASE NO.
B09003635

ACCUSED:                                    [TRAFF ALSO]
Goodman, William Eugene; Jr.
LAST NAME, FIRST NAME, MIDDLE NAME
900 Barbara Court
ADDRESS/LOCATION
Suffolk, VA 23434

DEFENDANT WAI...
PRELIMINARY HE...

| RACE | SEX | BORN MO. DAY YR. | HT. FT. IN. | WGT. | EYES | HAIR |
|------|-----|------------------|-------------|------|------|------|
| B | M | 06/22/1987 | 5' 09" | 200 | BRO | BLK |

SSN

DLS          HOLD FOR GRAND...

**CLASS   5   FELONY**

[ ] EXECUTED by arresting the Accused named above on this day:

3/14/2009  6:00a
DATE AND TIME OF SERVICE

S. York

Arresting Officer

4rd Suffolk
BADGE NO., AGENCY AND JURISDICTION

for W... Kozak

Attorney for the Accused:
Kenneth L. Melvin

Short Offense Description (not a legal definition):
HIT & RUN: ATTENDED PROPERTY DAMAGE >$1000

Offense Tracking Number:
800GM1550900321

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:

HIT-6604-F5

---

[X]  **F**

Hearing Date/Time
3-25-09
4-1-09
⑨

5-4-09
10:00
Am
Cont. to allow
Sub. Counsel
To 6-9-09
⑩

**FELONY**

**WAIVER OF PRELIMINARY HEARING**

Understanding my right to a preliminary hearing before the Court named in this warrant to believe that I committed a felony AND, having the consequences of my waiver explained to me by the Judge of this Court, I nevertheless WAIVE MY RIGHT TO A PRELIMINARY HEARING on the felony charged in this warrant. Certified to the Circuit Court of this jurisdiction.

_____    _____
ACCUSED                                                            6-9-09
                                                                       DATE
_____    _____
ATTORNEY FOR ACCUSED                                      JUDGE

| | Preliminary Hearing Costs | |
|---|---|---|
| Offense Tracking Number: 800GM15509000.A | | |
| 120 Ct. Appt. Atty | S | ................ |
| 113 Court Reporter | | ................ |
| 113 Witness | | ................ |
| **TOTAL** | | ................ |

[ ] The Accused named within was brought before me or appeared this day, and upon hearing the evidence, I order the case certified to the grand jury of this jurisdiction, at its next term date, having found probable cause to believe that the Accused committed the felony charged in this warrant.
   [ ] Bail on certification $ .......................................
[ ] I ORDER the accused discharged at preliminary hearing and the charge is dismissed

[ ] The charge was reduced to ............................

The Accused was this day:
   [ ] tried in absence  [ ] present

[ ] _____
   PROSECUTING ATTORNEY PRESENT (NAME)

[ ] _____
   DEFENDANT'S ATTORNEY PRESENT (NAME)
      [ ] NO ATTORNEY  [ ] ATTORNEY WAIVED
[ ] Interpreter present
Plea of Accused:
   [ ] not guilty          [ ] Witnesses sworn
   [ ] nolo contendere
   [ ] guilty  [ ] Plea voluntarily and intelligently entered after the defendant was apprised of his right against compulsory self-incrimination and his right to confront the witnesses against him.
[ ] Plea and Recommendation
And was TRIED and FOUND by me:
   [ ] not guilty       [ ] guilty as charged
   [ ] guilty of ...........................................
      VCC .................................................
   [ ] facts sufficient to find guilt but defer adjudication/ disposition to .............................................
              DATE AND TIME
      and place accused on probation. §§ 4.1-305, 18.2-57.3, 18.2-251 or 19.2-303.2.
      [ ] A separate order for First Offender is attached and incorporated in this order.

_____    _____
DATE                                                              JUDGE
[ ] I ORDER a nolle prosequi on the prosecution's motion
[ ] I ORDER the charge dismissed [ ] with prejudice
   [ ] conditioned upon payment of costs (accord and satisfaction), § 19.2-151.
   [ ] under §§ 4.1-305, 18.2-57.3, 18.2-251 or 19.2-303.2.

FORM DC-312 (MASTER, PAGE TWO OF TWO) 07/08

I impose the following Disposition:
[ ] FINE of $ ............. with $ ............... ..... suspended
[ ] JAIL SENTENCE of.....................................
   imposed, [ ] of which ........................... days
   mandatory minimum, with ...................... suspended
for a period of ...............................................
conditioned upon being of good behavior, keeping the peace, obeying this order and paying fines and costs.
   Credit is allowed pursuant to § 53.1-187 for time spent in confinement.
[ ] Serve jail sentence beginning ..........................
   [ ] on weekends only
[ ] Work release [ ] authorized if eligible  [ ] required
                  [ ] not authorized
[ ] Public work force [ ] authorized [ ] not authorized
[ ] on PROBATION for ...................................
   [ ] VASAP  [ ] local community-based probation agency
[ ] DRIVER'S LICENSE suspended for ......................
[ ] Restricted Driver's License per attached order
   [ ] Ignition interlock for ...................................
[ ] RESTITUTION of $ .....................................
   due by ......................................................
   payable to: .................................................
   with interest thereon from ...........................
                [ DATE OF LOSS OR DAMAGE] [ TODAY'S DATE ]
   [ ] as condition of suspended sentence
[ ] COMMUNITY SERVICE ...... hours to be completed
   by ..................... and supervised by .................
   [ ] to be credited against fines and costs
[ ] Contact prohibited between defendant and victim/victim's family or household members
[ ] Reimburse Commonwealth for investigatory medical fees
[ ] Pay $50 fee to the Court for Trauma Center Fund
[ ] Other................................................

[ ] Bail on Appeal $ ......................................
DRIVER'S LICENSE/PRIVILEGE TO DRIVE IN VIRGINIA SUSPENDED EFFECTIVE IN 15 DAYS IF FINES, COSTS, FORFEITURES, PENALTIES OR RESTITUTION ARE NOT PAID.
Va. Code § 46.2-395.

_____    _____
DATE                                                              JUDGE

| FINE | |
|---|---|
| **COSTS** | |
| 461 FIXED MISD FEE | ................ |
| 462 FIXED DRUG MISD FEE | ................ |
| 113 WITNESS FEE | ................ |
| 113 IGNITION INTERLOCK | ................ |
| 113 DUI FEE | ................ |
| 113 ...................... | ................ |
| 120 CT. APPT. ATTY | ................ |
| 121 TRIAL IN ABSENCE FEE | ................ |
| 125 WEIGHING FEE | ................ |
| 133 BLOOD TEST FEE | ................ |
| 137 TIME TO PAY | ................ |
| 192 TRAUMA CENTER FEE | ................ |
| 234 JAIL ADMISSION FEE | ................ |
| 243 LOCAL TRAINING ACADEMY FEE | ................ |
| 244 COURTHOUSE SECURITY FEE | ................ |
| OTHER (SPECIFY) | ................ |
| ...................... | ................ |

| **TOTAL** | S ................ |
|---|---|

[ ] Stay of the proceedings pursuant to § 16.1-131.1

_____    _____
DATE                                                              JUDGE

**CRIMINAL COMPLAINT**
Commonwealth of Virginia

RULES 3A:3 AND 7C:3

Print ALL information clearly:

☒ General District Court
☐ Juvenile and Domestic Relations District Court

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that
the Accused committed a criminal offense, on or about

DATE OFFENSE OCCURRED  3/14/2009 ............. in the ☒ City ☐ County ☐ Town

of ............. Suffolk .............

I base my belief on the following facts:

On 3-14-2009 I responded to a hit & run
accident at 115 S. 6TH St Suffolk Va. Upon arrival
I observed struck vehicle damage to the front of
of the house. A wallet was found at the
scene with Anial Cross Car 2 with known
William Goodman as the car. Further Facts)

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:
• By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
• The charge in this warrant cannot be dismissed except by the court, even at my request.

S. Vance uro
NAME OF COMPLAINANT (LAST, FIRST, MIDDLE)
(PRINT CLEARLY)

_____
SIGNATURE OF COMPLAINANT

Subscribed and sworn to before me this day,

3/14/09   4:00 AM
DATE AND TIME

_____
☐ CLERK ☐ MAGISTRATE ☐ JUDGE

DC-311 (09/07) FC   (116-2-010 0109)

---

**CRIMINAL COMPLAINT**

ACCUSED: Name, Description, Address/Location
Goodman, William Eugene, JR
LAST NAME, FIRST NAME, MIDDLE NAME
909 Bandara Dr.
Suffolk Va. 23434

| | COMPLETE DATA BELOW IF KNOWN | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | RACE | SEX | | MON | DAY | YR | HT | WT | HAIR | EYES |
| | | | | | | | | | | | |

Felony Hit & Run
46.2-894

Results found Mr. Leonard William E. Coastman Jr. at 909 Barbara Dr. was the Driver of a Black Silverado parked in the Back yard. The Silverado has (Heavy Front Passengers) Side Damage) And no other Damage - Visible on Vehicle. Once at Scene Tasked Mr. Coastman If he was Driving the Truck when it hit the House. Mr. Coastman Stated they? Another Vehicle head) in the Same Direction Hit him and Knocked him into the House. I observed no Skid Marks or Damage on the Drivers Side of Mr. Coastman Vehicle - Mr. Coastman Refused to Give a Written Statement - The House was Occupied at the Time of Impact. No Injuries.

**Virginia:**

## In The Circuit Court of the City of Suffolk

### June 24, 2009

| | |
|---|---|
| **COMMONWEALTH OF VIRGINIA,** <br> Plaintiff <br><br> **v.** <br><br> **WILLIAM EUGENE GOODMAN JR.** <br> DOB: 06/22/87  SSN: ■■■■■ <br> Defendant | Leaving the Scene of an Accident Involving Personal Injury or Damage to Attended Property <br><br><br> *VCC Number: HIT-6608-F5* <br> *(For administrative use only)* |

### Grand Jury Indictment

    The Grand Jurors of the Commonwealth of Virginia and of the City of Suffolk, attending the Court aforesaid, upon their oaths present that, in the City of Suffolk,

#### WILLIAM EUGENE GOODMAN JR.

    On or about March 14, 2009, as the driver of any vehicle involved in an accident in which a person was killed or injured or resulted in damage to an attended vehicle or other attended property valued at more than One Thousand Dollars ($1,000.00), did fail to stop at the scene of the accident or render reasonable assistance or provide the information required by law, in violation of §§ 46.2-894 and 18.2-10 of the Code of Virginia (1950) as amended.

---

A True Bill

*[signature]*

Foreman of the Grand Jury

# EXHIBIT C

Jan. 7. 2013  2:41PM    Nansemond Square Apartments                No. 3020   P. 3
View My Grades                                                              Page 1 of 1

William Goodman                                              go to ...        ⌄ ⊛

| Search | Plan | Enroll | My Academics |

| my class schedule | add | drop | swap | edit | term information |

View My Grades

2013 Fall | Credit | Paul D. Camp Community College    change term

▽ Class Grades - 2012 Fall

Official Grades

| Class | Description | Units | Grading | Grade | Grade Points |
|---|---|---|---|---|---|
| ENG 1 | Prep for Coll Writing 1 | 4.00 | Developmental | 2 | |
| ENH 4 | Reading Improvement 5 | 4.00 | Developmental | U | |
| SDV 100 | College Success Skills | 1.00 | Graded | A | 4.000 |

▽ Term Statistics - 2012 Fall

| | From Enrollment | Cumulative Total |
|---|---|---|
| Units Toward GPA: | | |
| Taken | 1.000 | 1.000 |
| Passed | 1.000 | 1.000 |
| Units Not for GPA: | | |
| Taken | | |
| Passed | | |
| GPA Calculation | | |
| Total Grade Points | 4.000 | 4.000 |
| / Units Taken Toward GPA | 1.000 | 1.000 |
| = GPA | 4.000 | 4.000 |

Academic Standing    Good Standing

PRINTER FRIENDLY PAGE

Search   Plan   Enroll   My Academics
My Class Schedule   Add   Drop   Swap   Edit   Term Information

go to ...       ⊛

https://ps-sis-sa90.vccs.edu/psc/ps/EMPLOYEE/HRMS/c/SA_LEARNER_SERVICES.SS...   1/7/2013

# EXHIBIT D

Jan. 7. 2013  2:41PM    Nansemond Square Apartments          No. 3020   P. 4
My Class Schedule                                                        Page 1 of 2

---

William Goodman                                                    go to ...

| Search | Plan | Enroll | My Academics |

my class schedule | add | drop | swap | edit | term information

**My Class Schedule**

Select Display Option   ⦿ List View   ○ Weekly Calendar View

2013 Spring | Credit | Paul D. Camp Community College    change term

---

▽ Class Schedule Filter Options

☑ Show Enrolled Classes   ☑ Show Dropped Classes   ☑ Show Waitlisted Classes    filter

---

**CST 100 - Public Speaking**

| Status | Units/Grading | Grade | Deadlines |
|---|---|---|---|
| Enrolled | 3.00 | Graded | |

| Class Nbr | Section/Component | Days & Times | Room | Instructor | Start/End Date |
|---|---|---|---|---|---|
| 64762 | 42R Lecture | MoWe 2:00PM - 3:15PM | Suffolk Classroom: Rm 117 | J Pam Ownby | 01/07/2013 - 05/06/2013 |

---

**HLT 106 - Cardiopulmonary Resuscitation**

| Status | Units/Grading | Grade | Deadlines | Class Notes |
|---|---|---|---|---|
| Enrolled | 1.00 | Graded | | Class meets: 04/26/13 - 04/27/13. The last day of class includes examinations 04/60/13. Last date to withdraw without academic penalty: 04/27/13. |

| Class Nbr | Section/Component | Days & Times | Room | Instructor | Start/End Date |
|---|---|---|---|---|---|
| 65508 | 65R Lecture | Fr 5:00PM - 9:00PM | Suffolk Nursing Lab: Rm 115 | P Staff | 04/26/2013 - 04/27/2013 |
| | | Sa 8:30AM - 4:30PM | Suffolk Nursing Lab: Rm 115 | Amy Stuck | 04/26/2013 - 04/27/2013 |

---

**PED 111 - Weight Training I**

| Status | Units/Grading | Grade | Deadlines | Class Notes |
|---|---|---|---|---|
| Enrolled | 1.00 | Graded | | This class meets first eight-week session 1/7/2013- 3/3/2013. The last day of classes includes examination. Last date for a refund 1/15/2013. Last date to withdraw without academic penalty 2/8/2013 |

| Class Nbr | Section/Component | Days & Times | Room | Instructor | Start/End Date |
|---|---|---|---|---|---|
| 65326 | 22R Lecture | TuTh 1:30PM - 3:10PM | Franklin YMCA | Daryl Savage | 01/07/2013 - 03/03/2013 |

---

**SDV 106 - Preparation for Employment**

| Status | Units/Grading | Grade | Deadlines | Class Notes |
|---|---|---|---|---|
| Enrolled | 2.00 | Graded | | This is a hybrid course. Students taking this type of course for the first time must complete the Blackboard tutorial at http://www.pdc.edu/distance-education. For more information contact Professor Lydick at 757-925-6325 or alydick@pdc.edu. Students are required to come to class on the following days: 1/2, 1/14, 2/4, 2/25, 3/11, 3/25, 4/8, 4/22. Provides practice in resume writing, preparation of applications, and successful completing/completing job interviews. Develops strategies for successful employment. Assists students in understanding effective human relations techniques & communication skills for the job search. 3-credit hours.  No textbook. |

| Class Nbr | Section/Component | Days & Times | Room | Instructor | Start/End Date |
|---|---|---|---|---|---|
| 64706 | 7BR Lecture | Mo 12:00PM - 2:00PM | Suffolk Distance Educ: Rm 118 | David Lydick | 01/07/2013 - 05/06/2013 |

---

**SDV 108 - College Survival Skills**

| Status | Units/Grading | Grade | Deadlines | Class Notes |
|---|---|---|---|---|
| Enrolled | 2.00 | Graded | | This class meets first eight-week session 1/7/2013- 3/3/2013. The last day of class includes examination. Last date for a refund: 1/15/2013. Last date to withdraw without academic penalty: 2/8/2013 |

| Class Nbr | Section/Component | Days & Times | Room | Instructor | Start/End Date |
|---|---|---|---|---|---|
| 65564 | 12R Lecture | TuTh 10:00AM - 11:15AM | Franklin Classroom: Rm 123 | Travis Parker | 01/07/2013 - 03/03/2013 |

# EXHIBIT E

# SUFFOLK POLICE DEPARTMENT
## 12-235353 VIRGINIA UNIFORM SUMMONS

CASE NO. 12-235353

YOU ARE SUMMONED TO APPEAR IN THE CITY OR / COUNTY OF:

☐ GENERAL DISTRICT COURT (TRAFFIC)
☑ GENERAL DISTRICT COURT (CRIMINAL)
☐ JUVENILE & DOMESTIC RELATIONS DISTRICT COURT

CITY OF SUFFOLK

150 NORTH MAIN STREET
SUFFOLK, VIRGINIA 23434

NAME: Goodman, M. William Eugene

ADDRESS: 904 Barbara Dr
Suffolk, VA 23434

ON: Sept 13, 2012 AT 09:00 ☑ A.M. ☐ P.M.

LAW SECTION / COUNTY / CITY / TOWN

DESCRIBE CHARGE: Failure to maintain proper control

COMMERCIAL MOTOR VEHICLE ☐ YES ☐ NO
HAZARDOUS MAT. ☐ YES ☐ NO
RESULTED IN A FATALITY ☐ YES ☐ NO
HIGHWAY SAFETY CORRIDOR ☐ YES ☐ NO

☑ I PROMISE TO APPEAR AT THE TIME AND PLACE SHOWN ABOVE. SIGNING THIS SUMMONS IS NOT AN ADMISSION OF GUILT. I CERTIFY THAT MY CURRENT MAILING ADDRESS IS AS SHOWN BELOW.

SIGNATURE

☐ YOU MUST APPEAR AT TRIAL. JUVENILES MUST APPEAR WITH PARENT / LEGAL GUARDIAN.

☐ YOU MAY AVOID COMING TO COURT ONLY IF THIS BLOCK IS CHECKED AND ALL INSTRUCTIONS ON DEFENDANT'S COPY ARE FOLLOWED.

MAILING ADDRESS: ☐ SAME AS ABOVE AT RIGHT
☐ CHANGE FROM D.L.

DATE OF OFFENSE: 9/11/2012 Tues

TIME: 1:45 PM

LOCATION OF OFFENSE: 201 Carolina Rd

JURISDICTION OF OFFENSE

DIRECTION: 124

ACCIDENT ☐ YES ☐ NO

WEATHER

ROUTE NUMBERS/STREET: 201 Carolina Rd

ARREST DATE: 9/11/12

ARREST LOCATION: 201 Carolina Rd

OFFICER: S.L. Kudinada

No. 3020

ACCUSED PLEADED:
☐ NOT GUILTY
☐ NOLO CONTENDERE
☑ GUILTY
☐ PREPAYMENT

☐ FINDING SUFFICIENT:
DEFERRED $

DEFENDANT WILL HIRE OWN ATTY.

COURT COPY - PG. 1

TRIED IN ABSENCE

VUS REV. 7-01-09

# EXHIBIT F

Jan. 7, 2013 2:41PM   Nansemond Square Apartments                    No.3020  P. 5



# The Counseling Center, LLC

### Certificate of Completion

*William Goodman*

1-3-13

The above has successfully completed a
16 session outpatient substance abuse
treatment program in 16 weeks.

*Case Manager*

# EXHIBIT G

# Goodman Disposal Business Plan

**Organization/Location**

Goodman Disposal, owned by William Goodman, will be located in Suffolk, Virginia.

**Vision**

Goodman Disposal will offer towing services as well as transportation of cars from one state to another. We are committed to:
- Having open communication with each customer
- Being vigorously involved in the community
- Maintaining integrity
- Providing excellent customer service

**Mission**

Goodman Disposal's mission is to provide the finest services in towing and transportation through prompt and courteous delivery. Our aspiration is to maintain reasonable prices to gain customer satisfaction and putting the "WOW" in our services.

**Competition**

Two other towing companies within 3 miles from Goodman Disposal that offer price matching.

**Go to Market Strategy**

For years there have been many problems with cars that are abandoned or junked. There has also been a need to transport cars for the purposes of moving and/or selling. Goodman Disposal has the opportunity to help individuals and companies transport and dispose of cars, while maintaining federal and state standards for disposing salvaged cars. Any vehicle that is not being used can be recycled for parts, or the parts can be sold at discounted rates.

**Basic Financial Projections**

Estimated Expenses:

| | |
|---|---|
| Heavy Duty Towing Trucks (2 at $48,000 each) | $96,000 |
| Cottrell Trailers (2 at $54,000 each) | $108,000 |
| Tools and Misc. | $80,000 |
| **Total Expenses** | **$284,000** |

Profits/Service Charges

| | |
|---|---|
| Domestic Vehicles | $120.00 per tow |
| Heavy Duty Vehicles | $500.00 per tow |
| Long Distance Domestic Vehicles (over 100 miles) | $350.00 per tow |
| Long Distance Heavy Duty Vehicles (over 100 miles) | $1000.00 per tow |

# EXHIBIT H

November 26, 2012

Dear Judge Batts:

Thank you for the opportunity to write to you on behalf on my oldest son, William Eugene Goodman, Jr. As a mother, we always hope for the best for our children. William has provided some opportunities where I was really proud of him. He graduated from high school and although a young father, has been supportive of his three children. He maintains a very close relationship with them and his eldest two children enjoy spending time in our home every other week consistently. He also has parenting time with his one year old son.

William has also made some decisions that are very bothersome and has caused much displeasure. My husband and I have always modeled appropriate behavior and tried to instill Christian values in our children. We are very concerned about the decision William has made which has caused me to pen this letter. We have discussed with him the consequences of his actions and decisions, but remain hopeful that the Court will allow him another chance. I am pleased with the changes I have witness in William. He has accepted responsibility for his actions and is headed in the right direction to becoming a productive citizen. It appears he has used this situation to enhance his life which is demonstrated by him enrolling in school, starting a disposal business and his involvement in church.

I believe in an Awesome God. My belief teaches that we are to abide by the law of the land. Also, God forgives and allows second chances. I am praying that the Court will consider allowing William a second chance in light of the positive changes he has already made. The Court decision will have a grave impact on the rest of Williams' life and his children.

Sincerely,

Annette Goodman

Annette Goodman

# EXHIBIT I

November 26, 2012

Dear Judge Batts:

This letter is writing on behalf of my son, William Eugene Goodman, Jr. He is the eldest of three sons born to me and his mother. William has achieved some successes in life. He graduated from high school, played football and assisted with the training of horses that we rode in numerous parades. William was very active in church activities as a youth and has since recaptured that passion which is being passed on to his three children.

As a father, I have always strived to be an example for my sons. I also graduated from high school and have enjoyed numerous conversations with my children about the importance of education. I have been successful in starting and maintaining a trucking business which hopefully will continue with my sons and grandsons.

The entire family attends church weekly and we practice good moral values. William and the nuclear family enjoy parenting time with his children every other week. Two of William's children stay at our home every other week and usually attend church with him and the family. The youngest child had his first birthday on November 10th and celebrated with a birthday party that was attended by a host of William's relatives. Hopefully, you can envision the kind of environment William has been afforded.

It saddens the entire family to realize that William was involved in a tragic situation. The consequences of his actions will far exceed anything acquired. We have spent many sleepless nights and have had many conversations about his situation. We are truly heartbroken to know that William will possibly be separated from his family and his beloved children.

We have witness some recent positive actions preformed by William and are encouraged. He volunteered during the recent election and has been successful in maintaining a disposal business. William is also enrolled in community college classes. In light of Williams' current status, I am hopeful that he will get an opportunity to prove that he can be a productive citizen and provide a good example for his children.

Sincerely,

William Eugene Goodman, Sr.

# EXHIBIT J

November 26, 2012

Dear Judge Batts:

Like most siblings, we have disputes. Despite that, we love William and are hoping for the best. William has shared his experience of being in prison. He told us that it is no place we want to be. Since his return home, we have witnessed a positive change in his behavior.

Our parents instilled in us from a very young age the value of hard work and Christian morals to achieve our goals. I, Justin am attending college and Aaron is gainfully employed and attending college. William had the benefit of this teaching and I believe he will now value it more.

Again, thank you for the opportunity to express our feelings.

Aaron and Justin Goodman